IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ABRAHAM ARANGO.

  Petitioner,

vs.                                      CIVIL ACTION NO.: CV513-091

TRACY JOHNS, Warden,
and BOP SOUTHEAST REGION,

  Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Abraham Arango ("Arango"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a pleading pursuant to 28 U.S.C. § 2241 contesting certain conditions of his confinement. Respondents filed a Response. Arango filed a Traverse. For the reasons which follow, Arango's filing should be **DISMISSED**.

### STATEMENT OF FACTS

Arango asserts that he has been denied proper medical treatment because staff members have unplugged his C-PAP machine while he was sleeping. Arango also asserts that he should be re-designated to a facility with an Immigration Hearing Program ("IHP") before his federal sentence is completed for a determination of whether he is subject to deportation. Arango seeks a speedier release from custody.

Respondents contend that Arango's petition should be dismissed because he failed to exhaust his administrative remedies.

## DISCUSSION AND CITATION TO AUTHORITY

Despite Arango's characterization of his pleading as one made pursuant to section 2241, the contentions he sets forth indicate that he should have filed his cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In general, the distinction between claims which may be brought under Bivens and those which must be brought as habeas petitions is reasonably well settled. Claims in which federal prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied adequate medical care and treatment, are Bivens actions, not habeas actions. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994). Habeas actions, in contrast, are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition, not as a Bivens claim. See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). Arango's allegations concerning his C-PAP machine contest the conditions of his confinement and are not cognizable pursuant to 28 U.S.C. § 2241.

However, and as noted above, when a prisoner challenges the "'fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'" Harden v. Pataki, 320 F.3d 1289, 1294 n.6 (11th Cir. 2003) (quoting Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)). "[P]risoners

AO 72A
(Rev. 8/82)

seeking habeas relief, including relief pursuant to [28 U.S.C.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)). To the extent Arango's petition can be read to request, in part, habeas relief, he must exhaust his administrative remedies before this Court can entertain his section 2241 petition. There is nothing before the Court which indicates that Arango exhausted his administrative remedies regarding his requests to be re-designated to a different facility and to be released prior to the filing of this cause of action. (Doc. No. 12-2, pp. 12–13).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Arango's pleading, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of December, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

3